1   Conor Granahan (SBN 240756)
    LAW OFFICES OF CONOR GRANAHAN
2   conor@conorgranahanlaw.com
    Law Chambers Building
3   345 Franklin Street
    San Francisco, California 94102
4   Telephone: (415) 830-3325
    Facsimile: (415) 723-7274
5
6   Attorneys for Plaintiff DAVID JIMENEZ
    on behalf of himself, and all others similarly
7   situated,

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  DAVID JIMENEZ, on behalf of himself,        Case No.
    and all others similarly situated,
12                                              CLASS ACTION
13          Plaintiff,
                                                COMPLAINT FOR DAMAGES
14          v.
                                                **DEMAND FOR JURY TRIAL**
15  HAXTON MASONRY, INC.; and DOES
    1-100,
16
17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

Jimenez v. Haxton Masonry, Inc. Complaint

Individual and representative Plaintiff DAVID JIMENEZ ("Plaintiff"), on behalf of himself and all others similarly situated, (the "Class") complains against Defendant HAXTON MASONRY, Inc. ("Haxton") as follows:

**JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION**

1. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 251 et seq.

2. Plaintiff's claims asserted herein arose during work and/or travel to one or more job sites in this judicial district, including Monterey Presidio in Monterey County. Defendant does business in this judicial district.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred.

4. Plaintiff was required to comply with Cal. Labor Code section 2699.3 et seq. before commencing a civil action for claims under the Private Attorney General Act ("PAGA"), which he has done.

**PARTIES**

5. At all times relevant herein, Mr. Jimenez was an individual over the age of eighteen and resided in Yuma, Arizona.

6. Defendant Haxton is an Arizona corporation that is licensed to do business in California under California Corporate Number C2875430. Haxton has a California Contractor's License, license number 777133. Its principal place of business is 7138 E.29th Street, Yuma, Arizona. Haxton provides commercial and residential masonry services. Haxton requires its employees to travel to California to perform masonry work.

7. Whenever reference is made in this complaint to any act of a corporate defendant, such allegation shall mean that the corporation did the acts alleged in this complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

8. Plaintiff does not know the true names and/or capacities of Defendants sued herein as

DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to include the true names and capacities of these so named DOE Defendants when their true names and capacities are ascertained.

9. At all relevant times, Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the DOE Defendants, were acting within the scope of their relationship with each other as the employer, employee, master, servant, and/or agent of the other, and that all acts alleged herein were done within the scope of said relationship.

10. At all relevant times, each Defendant knew or realized that the other Defendants, including the DOE Defendants, were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that other Defendants were engaging in such unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant encouraged, facilitated, or assisted in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

11. At all relevant times, each Defendant operated as an integrated enterprise on account of their interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Haxton as an hourly employee between 2013 and December 2017. He worked as a concrete finisher and Haxton required him to regularly travel to California to complete masonry projects. While in California, Mr. Jimenez performed masonry work four days a week for 10 hours or more a day, for which he was compensated. Plaintiff is informed and believes that approximately 80% of his work for Haxton was in California.

13. Haxton required Plaintiff and Haxton employees to travel to jobsites and stay overnight away from their home community to perform masonry work at locations in California. Plaintiff and his Arizona coworkers would travel to the main yard for Haxton located in Yuma, Arizona. They would gather tools and materials and carpool to various worksites in

California. Other Haxton employees would travel from their home in California to jobsites in California to perform work away from their home community.

14. Plaintiff and his coworkers would travel to a worksite on Sunday, or very early Monday morning, and work approximately forty hours of masonry work over four days. They would stay overnight during the week and normally leave Thursday or Friday and return to the yard before returning home. For example, from Yuma, Arizona to Monterey Presidio is a trip of 600 miles one way, which took about ten hours of driving time each way.

15. Plaintiff and his Haxton coworkers had to pay for their own travel expenses, including a rental car, gas, food, and lodging. Haxton employees would share the costs of travel by carpooling and by sharing hotel rooms.

16. Haxton employs about 100 regular hourly employees who were required to travel to jobsites in California and stay overnight away from their home community.

## CLASS ALLEGATIONS

17. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

18. Plaintiff seeks to represent the Class of persons to be defined as follows:

    a. All hourly employees of Haxton Masonry, Inc. who traveled to jobsites in California and stayed overnight away from their home community.

19. Numerosity: The Class described above in paragraph 18 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

20. Plaintiff is informed and believes that there are approximately one hundred members of the proposed Class described in paragraph 18.

21. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's records for its current and former employees.

22. Class members may be notified of the pendency of this action by techniques and forms

commonly used in class actions, such as by published notice, email notice, website notice, first class mail, or a combination thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

23. Typicality: Plaintiff's claims are typical of the claims of the Class. The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful conduct.

24. Plaintiff and the Class members were each hourly employees of Defendant, each of whom traveled to jobsites in California, stayed overnight, were not paid wages for travel hours, and were not compensated for travel expenses.

25. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting the Class members.

26. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    a. Whether Defendant's pattern and practice of not paying hourly employees for travel time violated the Portal to Portal Act, 29 U.S.C. § 251;

    b. Whether Defendant's practice of not reimbursing hourly employees for travel expenses while traveling in California violated Cal. Labor Code § 2802;

    c. Whether Plaintiff and Class members are entitled to overtime wages for hours in excess of forty hours in a week;

    d. Whether Plaintiff and Class members are entitled to damages, penalties, costs, and attorneys' fees for Defendant's acts and conduct.

27. Adequacy of Representation: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class which Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in the prosecution of employment and class action litigation.

28. Superiority: A class action is superior to other available means for the fair and efficient

- 4 -

adjudication of the claims of the Class. While the aggregate damages which may be
awarded to the members of the Class are likely to be substantial, the damages suffered by
individual members of the Class are relatively small. As a result, the expense and burden of
individual litigation makes it economically infeasible and procedurally impracticable for
each member of the Class to individually seek redress for the wrongs done to them.
Plaintiff does not know of any other litigation concerning this controversy already
commenced by or against any member of the Class. The likelihood of the individual
members of the Class prosecuting separate claims is remote. Individualized litigation
would also present the potential for varying, inconsistent or contradictory judgments, and
would increase the delay and expense to all parties and the court system resulting from
multiple trials of the same factual issues. In contrast, the conduct of this matter as a class
action presents fewer management difficulties, conserves the resources of the parties and
the court system, and would protect the rights of each member of the Class. Plaintiff knows
of no difficulty to be encountered in the management of this action that would preclude its
maintenance as a class action.

<h3 style="text-align:center"><u>FIRST CAUSE OF ACTION</u></h3>

**Violation of the Portal to Portal Act—Travel Away from Home Community (29 U.S.C. § 251, et seq.; § 785.39)**

**By Plaintiff and the Class Against All Defendants**

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

30. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

31. The Portal to Portal act governs the payment of travel time for employees traveling overnight away from their home community.

32. Pursuant to Title 29, Part 785 of the Code of Federal Regulations, section 785.39, travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The time is not only hours worked on regular working days during normal working hours but also

1    during the corresponding working hours on nonworking days.

2    33. Plaintiff and his coworkers traveled to and from their homes to worksites during normal

3        working hours and corresponding hours on nonworking days. They would travel to a

4        worksite on Sunday, or very early Monday morning, work approximately forty hours of

5        masonry work over four days while staying overnight.

6    34. The Haxton employees, including Plaintiff, were not compensated for any travel time.

7        Their travel time occurred during normal work hours and also on nonworking days during

8        normal work hours.

9    35. Plaintiff and the Class seek payment of wages for these works hours traveled to and from

10       worksites that kept them away from their home community. To the extent these hours

11       constitute overtime, Plaintiff and the Class seek payment of the proper overtime wages.

12                      **SECOND CAUSE OF ACTION**

13  **Violation of the Portal to Portal Act—Travel All in A Day's Work (29 U.S.C. 251, et seq.;**

14                      **§785.38)**

15          **By Plaintiff and the Class Against All Defendants**

16    36. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully

17        set forth herein.

18    37. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

19    38. The Portal to Portal act governs the payment of travel time for employees that is all in a

20        day's work.

21    39. Pursuant to Title 29, Part 785 of the Code of Federal Regulations, section 785.38, travel

22        that is all in a day's work includes when an employee is required to report at a meeting

23        place to receive instructions or to perform other work there, or to pick up and carry tools.

24        The travel time from the designated meeting place and the workplace are hours to be

25        counted as hours worked.

26    40. Plaintiff and his coworkers in Arizona and California traveled to a designated meeting

27        place to pick up and carry tools and to receive instructions, then traveled to job sites to

28        perform work for Haxton. Their travel time was all in a day's work on the way to the job

site to start a job, as well as the end of the week traveling back to the main meeting site at the end of a work week. They were not compensated for this travel time and Plaintiff and the Class seek payment of wages for these work hours. To the extent these hours constitute overtime, Plaintiff and the Class seek payment of the proper overtime wages.

### THIRD CAUSE OF ACTION

#### Violation of 29 U.S.C.A § 207

#### By Plaintiff and the Class Against All Defendants

41. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

42. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

43. Under 29 U.S.C.A. § 207, any employee working hours in excess of forty hours in a workweek must be paid at least one and one-half times the regular hourly rate for those hours.

44. Plaintiff was required to work more than forty hours in a week. On at least one occasion, he actually logged and worked more than forty hours in a week and was only paid his regular rate for hours in excess of forty hours for that week.

45. On other occasions when Plaintiff was required to travel overnight away from his home community for work, he worked over forty hours in a week but was not compensated at all for the travel hours, most of, it not all of which should have been compensated at an overtime rate of at least one and one-half times his regular hourly rate.

46. Therefore, Plaintiff seeks reimbursement, on his behalf and on behalf of the class, compensation for unpaid overtime hours at no less than one and one-half times the applicable regular rate of pay.

### FOURTH CAUSE OF ACTION

#### Violation of Cal. Labor Code § 2802

#### By Plaintiff and the Class Against All Defendants

47. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

48. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

49. Under Cal. Labor Code § 2802, an employer must indemnify its employees for expenses in discharging their duties.

50. First, Plaintiff and the Class expended money on travel costs while traveling within California to job sites. Plaintiff expended money for rental cars, gas, meals, and lodging.

51. Second, the expenditures were incurred in direct consequence of Plaintiff's duties, as he was required to travel away from home to perform work for Defendant.

52. Third, Plaintiff's expenditures were necessary to the discharge of his duties for Defendant. Without traveling overnight, he would not have been able to perform the work required by his employer.

53. Fourth, Defendant Haxton did not reimburse Plaintiff or his coworkers for the travel expenditures.

54. Therefore, Plaintiff seeks reimbursement, on his behalf and on behalf of the class, for necessary travel expenses incurred in direct consequence to the discharge of his duties for Defendant.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Labor Code § 202

### By Plaintiff and the Class Against All Defendants

55. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

56. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

57. Pursuant to Labor Code § 202, an employer is required to pay all wages to a resigning employee within 72 hours of his resignation.

58. Plaintiff resigned his employment and was not paid all wages due and owing to him.

59. Therefore, Plaintiff seeks reimbursement, on his behalf and on behalf of the class, for unpaid wages for his work for Defendant.

## SIXTH CAUSE OF ACTION

### Violation of Cal. Labor Code § 203

### By Plaintiff and the Class Against All Defendants

60. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

61. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

62. If an employer willfully fails to pay, pursuant to Labor Code section 202, any wages of an employee who quits, the wages of the employee shall continue as a penalty up to 30 days.

63. To date, Plaintiff has not received his full wages due and owing since his resignation

64. Therefore, Plaintiff seeks, on his behalf and on behalf of the class, for a penalty of thirty days' wages for each member of the Class.

## SEVENTH CAUSE OF ACTION

### Violation of Cal. Labor Code § 226

### By Plaintiff and the Class Against All Defendants

65. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

66. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

67. Under Cal. Labor Code § 226(a)(1), an employer is required to furnish to his employee, the correct gross wages earned.

68. Under Cal. Labor Code § 226(a)(9), an employer is required to list the correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69. Plaintiff and his coworkers were not compensated or travel hours, which also constituted overtime hours.

70. Therefore, Plaintiff seeks, on his behalf and on behalf of the class, for penalties of $50.00 for the initial pay period in which a violation occurs, $100.00 per employee for each violation in a subsequent pay period, not to exceed $4,000.00.

Jimenez v. Haxton Masonry, Inc. Complaint

## EIGHTH CAUSE OF ACTION

### Private Attorney General Act

### (Cal. Labor Code § 2699 et seq.)

### By Plaintiff and the Class Against All Defendants

71. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

72. Plaintiff asserts this claim on behalf of himself and all other similarly aggrieved employees of Defendant under PAGA.

73. Defendants are a "person" as contemplated within the meaning of subdivision (b) of § 2699 of PAGA. Plaintiff is an "aggrieved employee" of Defendants within the meaning of § 2699 of PAGA subdivision (c).

74. Plaintiff, for himself and on behalf of all similarly aggrieved employees, seeks to recover civil penalties pursuant to § 2699(a) of the PAGA for Defendants' violation of all applicable Labor Code sections relating to the causes of action set forth herein, and as set forth in Labor Code § 2699.5 pursuant to Labor Code § 2699 *et seq*.

75. Pursuant to PAGA § 2699(f)(2), and in addition to any other civil penalties statutorily provided by specific Labor Code sections, Plaintiff seeks statutory penalties of one hundred dollars ($100) for each similarly aggrieved employee per pay period for Defendant's first violation of any provision of the California Labor Code, and two hundred dollars ($200) for each similarly aggrieved employee per pay period for any subsequent violation by Defendants of any provision of the California Labor Code, which is not covered by any other statutory penalty.

76. Plaintiff seeks the above damages, plus reasonable attorneys' fees and costs as provided in PAGA § 2699(g)(1), in amounts to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

1.    An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

2.      For compensatory damages in amounts according to proof at time of trial representing the amount of wages owed to Plaintiff and the Class members for the policy and practices of not paying for travel time, overtime, travel expenses, and not paying all wages due and owing, as well as liquidated damages as appropriate, during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

3.      For compensatory damages to Plaintiff and Class members in an amount according to proof at time of trial for the policy and practice of failing to provide accurate, itemized wage statements during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

4.      For statutory amounts provided by Cal. Labor Code § 226(e) for Plaintiff and Class members during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

5.      For waiting time penalties as provided by Cal. Labor Code § 203 for Plaintiff and Class members;

6.      For reasonable attorneys' fees and costs as allowed by 29 U.S.C.A. § 216(b), Cal. Labor Code §§ 218.5, 226(e), and 1194(a), Code of Civil Procedure §1021.5 and any other applicable federal or California state law;

7.      For all interest as required by Labor Code § 218.6 and other applicable federal or California state law;

8.      For civil penalties, attorneys' fees and costs under PAGA;

9.      For such other and further relief as the Court deems just and proper.


DATED: November 21, 2018

Respectfully submitted,
LAW OFFICES OF CONOR GRANAHAN

Conor Granahan
Attorney for Plaintiff

- 11 -

Jimenez v. Haxton Masonry, Inc. Complaint