UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JIMENEZ,<br>　　　　Plaintiff,<br>　　v.<br>HAXTON MASONRY, INC., et al.,<br>　　　　Defendants. | Case No. 18-cv-07109-SVK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND REGARDING CASE SCHEDULE**<br><br>Re: Dkt. Nos. 26, 31, 32 |

Plaintiff David Jimenez seeks to bring a class action against Defendant Haxton Masonry, Inc. ("Haxton") under the Fair Labor Standards Act, the California Labor Code and the California Business and Professions Code. ECF 24. Plaintiff specifically seeks recovery for failure to pay wages, overtime and travel expenses in connection with Plaintiff's and his coworkers' travel to worksites in California. *Id.*

Before the Court is Defendant Haxton's motion to transfer this case to the District Court of Arizona under 28 U.S.C. § 1404(a). ECF 26. Plaintiff opposes Haxton's motion. ECF 31. Based on the May 7, 2019 hearing, the Parties' submissions and the relevant law, the Court finds that Haxton fails to meet its burden of demonstrating that transfer is warranted. Accordingly, the Court **DENIES** Defendant's motion to transfer.

**I.　BACKGROUND**

Plaintiff's first amended complaint ("Amended Complaint") alleges that he worked for Haxton as an hourly employee from 2013 to 2017. ECF 24 at ¶ 14. Haxton is a commercial masonry company incorporated in Arizona, and its only business office is in Yuma, Arizona. ECF 26-1 at ¶ 3. Plaintiff alleges that as a concrete finisher, "Haxton required him to regularly travel to California to complete masonry projects." ECF 24 at ¶ 14. He further alleges that his

wage sheets show that he performed approximately 70% of his work for Haxton in California. *Id.* at ¶ 15. Plaintiff resides in Yuma, Arizona, so to complete this work, Plaintiff alleges that Haxton required him and his fellow employees to travel to and stay overnight at jobsites in California. *Id.* at ¶ 16. The Amended Complaint alleges that on these trips, "Plaintiff and his Haxton coworkers had to pay for their own travel expenses, including rental cars, gas, food, and lodging." *Id.* at ¶ 18. Plaintiff contends that he and the other potential class members have been deprived of wages, overtime and expenses for this travel time. *Id.* at ¶¶ 42–44, 56–60.

## II. LEGAL STANDARD

Haxton's motion to transfer requests that the Court dismiss or transfer venue of this lawsuit under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). ECF 26 at 2–3. However, Haxton's reply and representations at oral argument clarify that Haxton only moves to transfer this action for convenience under § 1404(a). ECF 32 at 2. Section 1404(a) provides that if venue is proper, "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The section aims "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). It also gives "discretion [to] the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

In making this determination, the Court considers the three factors identified by § 1404(a): (1) the convenience of the parties, (2) the convenience of witnesses and (3) the interest of justice. 28 U.S.C. 1404(a); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The Court may also consider and weigh:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and

2

    (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The Court need not consider all these factors, and it "has the broad discretion to address some of these or other factors based on the particular facts of each case." *Johansson v. Cent. Garden & Pet Co.*, No. C 10-03771 MEJ, 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010) (citation omitted). Lastly, the moving party has the burden of showing that the proposed transferee district is the more appropriate venue. *Jones*, 211 F.3d at 499.

## III. ANALYSIS

Haxton contends that the District of Arizona provides a more convenient forum for the Parties and potential witnesses, all of whom reside in Arizona. ECF 26 at 1, 5–6. Plaintiff opposes Haxton's motion and argues that the Court should defer to Plaintiff's choice of forum. ECF 31. Here, the most relevant factors to Haxton's motion to transfer are (1) Plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of witnesses, (4) familiarity with governing law and (5) the public interest factors. The Court addresses each below.

### 1. Venue is Proper in the District of Arizona

Under § 1404, the proposed transferee venue must be a "district or division where [the action] might have been brought." 28 U.S.C. § 1404(a). Here, Haxton is based in Yuma, Arizona, and Plaintiff does not challenge Haxton's argument that Plaintiff could have brought this case in the District of Arizona. *See* ECF 31; ECF 26 at 4–5. Accordingly, the Court proceeds in its analysis to consider whether the relevant factors favor or disfavor transfer.

### 2. Plaintiff's Choice of Forum

Generally, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, certain factors, such as the plaintiff residing outside of the district or the plaintiff bringing a class action, can reduce the level of deference given to the plaintiff's choice of forum. *Lucas v. Daiichi Sankyo Co.*, No. C 11-0772 CW, 2011 WL 2020443, at *2 (N.D. Cal. May 24, 2011); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The Court ultimately determines the proper weight to give Plaintiff's choice of forum by considering "the

3

extent of both [Plaintiff's] and [Defendant's] contacts with the forum, including those relating to [Plaintiff's] cause of action." *Id.* (citation omitted).

Although Haxton argues that the Court should give little weight Plaintiff's choice of forum because of Plaintiff's Arizona residency and desire to represent a class of workers, the Court finds that Plaintiff's and Haxton's connections to this District, which give rise to the Amended Complaint, warrant deference to Plaintiff's choice of forum. The core allegations in Plaintiff's Amended Complaint revolve around Haxton's alleged failure to properly compensate its employees for traveling to work on California job sites. ECF 24 at ¶¶ 42–44, 56–60. Indeed, the Amended Complaint asserts that venue is proper in this District because Plaintiff's claims "arose during work and/or travel to one or more job sites in this judicial district, including Monterey Presidio in Monterey County." *Id.* at ¶ 4. Defendant presents no evidence refuting this allegation and does not contend that venue is not proper in this District. ECF 32 at 2.

Furthermore, Haxton's answer "admits that certain Haxton employees would travel from homes in California or in Arizona in order to work on jobsites in California" and that "Plaintiff worked at over a dozen worksites in California." ECF 27 at ¶¶ 16, 20. Haxton's employee handbook with its discussion of California labor law and references to California employees provides additional evidence of the regularity of Haxton's work in California. ECF 31-1, Ex. D ("Pl.'s RJN). Haxton's website advertises its ability to work on projects in California, which further confirms its commitment to performing masonry work in California. *Id.*, Ex. C. Together, these facts and allegations demonstrate the connection between Plaintiff's claims, Haxton, California in general and this District in particular. This connection supports deferring to Plaintiff's choice of forum, notwithstanding his Arizona residency. *See Lou*, 834 F.2d at 739.

Given the particular circumstances of this action, the fact that Plaintiff seeks to bring a class action does not undermine the deference this Court gives to his choice of forum. *See Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2015 WL 1738269, at \*3 (N.D. Cal. Apr. 9, 2015). Here, Plaintiff's claims relate to work conducted by Plaintiff and other potential class members in this District and in California. Haxton's answer also admits that some of its employees "would travel from homes in California . . . to work on jobsites

4

in California." ECF 27 at ¶ 16. The potential classes thus may contain California as well as Arizona residents. *See* ECF 24 at ¶¶ 21, 25 (identifying potential class members as "[a]ll persons who are or have been employed by Haxton as hourly employees who traveled to jobsites in California").[1] The Court has not certified either potential class and cannot conclude for certain how many class members reside in Arizona versus California. Additionally, the level of inconvenience for these potential class members is unclear at this stage because they will "never need to appear in this action unless they wished to intervene." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). In contrast, Plaintiff "will 'still bear a great deal of responsibility'" if he is appointed as a class representative. *Id.* (quoting *David v. Alphin*, No. C06-041763 WHA, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007)). The Court therefore concludes that in this instance, Plaintiff's proposed class action does not warrant discounting his choice of forum.

The deference given to the plaintiff's choice of forum directly impacts the defendant's burden on a § 1404 motion to transfer. *Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, No. C 13-03532 WHA, 2013 WL 6057824, at *2 (N.D. Cal. Nov. 15, 2013) ("As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases.") (citation omitted). Here, the Court concludes that Plaintiff's choice of forum deserves deference, and as a result, the standard rule, which requires a defendant to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" applies. *Decker Coal*, 805 F.2d at 843.

### 3. Convenience of the Parties and Access to Evidence

The Court also considers the convenience of the parties, but this factor does not weigh in favor of transferring the action, when "[t]he transfer would merely shift rather than eliminate the inconvenience." *Decker Coal*, 805 F.2d at 843.

////

---

[1] To support its argument that all potential class members reside in Arizona, Haxton relies on a declaration from one its employees, which states that Plaintiff's work crews all resided in Arizona. ECF 26-1 at ¶ 4. However, the Amended Complaint's two proposed classes are not limited to workers who worked on Plaintiff's crews. ECF 24 at ¶¶ 21, 25.

Haxton's presence in California for its regular work on commercial masonry projects in the state mitigates the inconvenience of resulting from its location in Yuma, Arizona. Haxton's website advertises itself as both an Arizona and California contractor and notes its ability to complete commercial masonry projects in both states. ECF 31-1, Ex. C. Further, Haxton's registration with the California Secretary of State and its California contractor's license provide additional evidence of its work in California. *Id.*, Exs. A, B. This regular presence in California mitigates at least some of the inconvenience of litigating outside Haxton's home state. The Court thus gives less weight to the potential inconvenience for Haxton.

Perhaps not surprisingly, Haxton primarily focuses on the inconvenience to potential future class members whom Haxton contends all reside in Arizona. ECF 26 at 5–6. While Arizona does appear to be the more convenient forum for potential class members residing in Arizona, as discussed in Section III(2), *supra*, the uncertainty regarding the residency of potential class members and the extent of their involvement in the litigation, limits the weight given to this factor. *See Flint v. UGS Corp.*, No. C07-04640 MJJ, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007) ("[T]he Court declines to find the speculative location of potential class members to weigh towards transfer.").

Lastly, Haxton argues that access to evidence such as company records weighs in favor of Arizona. ECF 26 at 7. The Court gives this argument little weight, given that "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *David*, 2007 WL 39400, at *3 (citation omitted). Further, Haxton's examples of employee files, payroll statements and other company records (ECF 32 at 7) may be produced electronically or shipped with relative ease. Accordingly, like the other factors regarding the convenience of the parties, access to evidence supports Arizona, but mitigating factors lead the Court to give less weight to the convenience of the parties.

**4. Convenience of Witnesses**

In some situations, courts have considered "[t]he convenience of witnesses . . . the most important factor in deciding whether to transfer an action." *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008) (citing *Bunker v. Union Pacific Railroad Co.*, 2006 WL 193856, *2

(N.D. Cal. 2006)). However, courts in this District discount inconvenience to a party's employees whom that party can compel to testify. *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (citation omitted); *Am. Civil Liberties Union of N. California v. Burwell*, No. 16-CV-03539-LB, 2017 WL 1540606, at *5 (N.D. Cal. 2017).

Haxton contends that proceeding in this District inconveniences Haxton's witnesses, all of whom reside in Arizona. ECF 26 at 6. Haxton's motion and supporting declaration identify four potential witnesses: (1) Cassandra Reed, a senior project administrator, payroll administrator and contracts administrator, (2) Steve Haxton, the company president, (3) Gabriel Rosales, Plaintiff's immediate supervisor and (4) Cosme Garcia, another of Plaintiff's immediate supervisors. ECF 26-1 at ¶¶ 1, 4. Because all of these witnesses are employed by Haxton, the Court discounts the weight given to their inconvenience. Furthermore, as discussed above, Haxton's regular business in California also mitigates the inconvenience of litigating in this District. Accordingly, while the Arizona does provide the more convenient forum for Haxton's witnesses, the Court gives this factor less weight given their employment with Haxton and Haxton's business in California.

### 5. Familiarity with Governing Law

"An important factor in determining whether transfer of venue is warranted is the interest of having the trial in a forum that is familiar with the law." *Jarvis v. Marietta Corp.*, No. C 98-4951 MJJ, 1999 WL 638231, at *6 (N.D. Cal. Aug. 12, 1999) (citing *Decker Coal*, 805 F.2d at 843). Plaintiff's First Amended Complaint brings six California state law claims. ECF 24 at ¶¶ 53–95. Haxton concedes that "the Northern District court is likely more familiar with California law." ECF 32 at 6. This District's familiarity with California law promotes judicial efficiency, and both this Court and the District Court of Arizona can oversee any injunctive relief awarded. The Court therefore finds that this factor weighs significantly in favor of the action remaining in this District.

////

////

////

7

### 6. Public Interest Factors

When considering a motion to transfer, a court "must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake Climate Action Network*, 2013 WL 6057824, at *3 (citing *Decker Coal*, 805 F.2d at 843). Benefits in favor of both forums exist under each of these factors, so the public interest factors neither weigh for or against transfer. First, this action is before a magistrate judge, which mitigates the benefits of the District of Arizona's slightly reduced case load. ECF 13; ECF 20. Second, both forums have a significant degree of local interest in the matter. This District has an interest in enforcing California labor laws for work conducted in the District. Arizona has an interest in adjudicating a dispute between an Arizona employee and his Arizona former-employer. The Court thus finds that relevant public interest factors are neutral.

### 7. Summary of Factors

Plaintiff's choice of forum and the Court's familiarity with the governing law weigh in favor of denying Haxton's motion to transfer. While the convenience of the parties and witnesses may weigh in favor of transfer, mitigating factors such as Haxton's regular and substantial presence in California for business give these considerations less weight. Thus, on balance the factors weigh against transferring this case to Arizona. Accordingly, the Court finds that Haxton has failed to meet its burden in demonstrating the necessary level of inconvenience to disturb Plaintiff's choice of forum. *See Decker Coal*, 805 F.2d at 843. The Court **DENIES** Haxton's motion to transfer.

## IV. SCHEDULING

At the May 7, 2019 hearing, Haxton's counsel informed the Court that he plans to file a motion to withdraw as counsel shortly and requested that the Court reserve June 25, 2019, for a potential hearing on that motion. The Court directs counsel to Civil Local Rule 11-5 and notes that a hearing on counsel's request to withdraw may not be necessary. The Court will determine whether or not to hold a hearing after receiving Haxton's counsel's request to withdraw as counsel, which Haxton's counsel shall file by **May 30, 2019**.

In light of Haxton's possible need to secure counsel, the Court also **CONTINUES** the Parties' June 4, 2019 initial case management conference to **July 9, 2019 at 9:30 a.m.** The Parties shall file a joint case management statement by **July 2, 2019**.

**V. CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

- The Court **DENIES** Haxton's motion to transfer.
- The Court **GRANTS** both Plaintiff's and Haxton's requests for judicial notice. ECF 26-2; ECF 31-1.
- The Court **ORDERS** that Haxton's counsel shall file a request to withdraw as counsel by **May 30, 2019**.
- The Court **CONTINUES** the June 4, 2019 initial case management conference to **July 9, 2019 at 9:30 a.m.** The Parties shall file a joint case management statement by **July 2, 2019**.

**SO ORDERED.**

Dated: May 10, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge