Conor Granahan, Bar No. 240756
GRANAHAN LAW, P.C.
235 Montgomery Street, Suite 440
San Francisco, CA 94104
T: 415-830-3325
F: 415-504-1957
Email: conor@granahanlegal.com

*Attorneys for Plaintiff
DAVID JIMENEZ on behalf of himself,
and all others similarly situated,*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JIMENEZ, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HAXTON MASONRY, INC. and DOES 1-100, Defendants. | CASE NO. 5:18-cv-07109-SVK<br><br>**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 3, 2022<br>Time: 10:00 am<br>Judge: Hon. Susan van Keulen<br>Courtroom: 6 |

## I. INTRODUCTION

This motion is to request final approval of the settlement reached between the parties. The settlement of $150,000.00 is fair, reasonable, and adequate under the circumstances described below.

## II. STATEMENT OF FACTS

<u>Background</u>

Initially filed on November 21, 2018, this is a wage and hour class action brought on behalf of David Jimenez, a former employee of Defendant Haxton Masonry, Inc., ("Defendant") alleging various California state law and Fair Labor Standards Act ("FLSA") violations.

On February 11, 2021, the Court issued an Order Granting Plaintiff's Motion for Collective and Class Certification. Dkt. 84. Therein, the Court granted Plaintiff's motion for conditional certification of a collective action under the FLSA and class certification under Rule 23. The Court conditionally certified the following collective actions:

(1) *"All hourly workers residing in Arizona who traveled to remote job sites in California from November 21, 2015, to the present*;" and,

(2) *"All hourly workers residing in Arizona who were not paid for loading time at the Haxton yard from November 21, 2015, to the present.*" Dkt. 84.

The Court further certified the following Rule 23 class: *"All Haxton hourly workers residing in Arizona who incurred lodging expenses for work in California from November 21, 2014, to the present."* Dkt. 84.

Declaration of Kevin Lee

Phoenix Settlement Administrators ("Phoenix") is the Court-appointed Class Action Settlement Administrator. Case Manager Kevin Lee's Declaration is submitted concurrently with this motion.

Phoenix sent notice on March 3, 2022. Lee Decl. ¶ 5 to all fifty-seven class members on the list. After due diligence, none of the notices are considered undeliverable. Lee Decl. ¶ 6. The Settlement Agreement states that seventy percent (70%) of the net settlement amount, or $54,875.00, shall be allocated to all California Class Members who did not opt-out of the Settlement. Accordingly, and taking into account the one (1) Opt-Out received, the highest Individual Settlement Payment to be paid is approximately $2,595.50, the lowest Individual Settlement Payment to be paid is approximately $16.36, while the average Individual Settlement Payment to be paid is approximately $979.91. Lee Decl. ¶¶ 13-14.

The remaining thirty percent (30%) of the net settlement amount, or $23,250.00, shall be allocated to Fair Labor Standards Act ("FLSA") claims ("Opt-In Members"). There are fourteen (14) Opt-In Members who will receive an Individual FLSA Payment. Accordingly, the highest Individual Opt-In Member Payment to be paid is approximately $2,466.33, the lowest Individual Opt-In Member Payment to be paid is approximately $45.51, while the average Individual Opt-In Member Payment to be paid is approximately $1,660.71. Lee Decl. ¶¶ 15-16.

### III.   ANALYSIS

**1. The Settlement Is Fair and Reasonable.**

The settlement was the product of good faith, arms-length negotiations. The parties attended three mediation sessions with respected mediator Michael Roberts of ADR Services, Inc. on November 19, 2019, July 21, 2020, and September 20, 2021. The parties reached an initial

agreement and signed a memorandum of understanding immediately following the third mediation session.

The average recoveries are as follows: $1,660.71 for 14 of the FLSA members and $979.91 for the California Class Members. The FLSA members are also California Class Members and will receive two payments.

The total settlement is as follows:

- Total Settlement: **$150,000.00**
- Attorney Fees: Counsel will seek fees of 25 percent of the total settlement ($37,500).
- Litigation Costs: ($17,000.00)
- Settlement Administrator Costs ($5,500.00)
- PAGA allocation of $2,500.00 ($1,875.00 to state, $625.00 back to class)
- Enhancement Payment to Plaintiff Jimenez: $10,000.00
- Net Settlement Amount: **$78,125.00**

The Settlement Administrator will make the distributions as indicated based on the data in its possession. If those who submit claims do not cash their checks within 180 days, the money will be sent to the State Controller's Office, Unclaimed Property Division, in the name of the individual who did not cash their check.

**2. Release of PAGA Claims**

The parties have allocated $2,500.00 to the PAGA claims, which is 1.6 % of the settlement. The Court may employ a sliding scale in evaluating the adequacy of a PAGA claim to assess the value of the settlement as a whole. The statutory purposes of PAGA may be fulfilled even with a

relatively small award on the PAGA claim itself. *Viceral v. Mistras Grp., Inc.* (N.D. Cal. Oct. 11, 2016) 2016 WL 5907869, at *9. *See also Turrieta v. Lyft, Inc.* (Los Angeles Superior Ct.), Case No. BC714153; *Price v. Uber Techs, Inc.* (Los Angeles Superior Ct.) Case No. BC55412.

Here, the Court should approve the PAGA allocation. Plaintiff Jimenez filed suit just before one year of leaving the company and no longer works there. His ability to collect PAGA penalties, with a one-year statute, is limited, whereas the FLSA and California state law claims go back to 2014. Moreover, the PAGA claims are limited by the Order granting Defendant's Motion for Summary Adjudication. Dkt. 69. The following bases, where a significant amount of work was performed, are excluded from PAGA claim: Camp Pendleton, Navy Base Coronado, Naval Base Point Loma, Miramar, Seal Beach, and Point Mugu.[1] A 1.6 % allocation is in line with other wage and hour settlements as indicated above.

Here, the LWDA has been notified of the proposed settlement and the fairness hearing date. To date, there has been no change in the status of the claim. The proof of uploaded Proposed Settlement and status are collectively attached as **Exhibit G.**

3. **Enhancement Award**

Plaintiff and Counsel for Plaintiff request that the enhancement award to Plaintiff be confirmed. The Settlement Agreement includes an enhancement payment of $10,000.00 to Plaintiff Jimenez. The Settlement Agreement also includes a general release of all claims for Plaintiff Jimenez. Mr. Jimenez's participation in the case was integral to its resolution. As he attested in his Declaration in support of class certification he has been involved since 2018. He

---

[1] Defendant Haxton later moved to include Monterey Presidio as a federal enclave, but its motion was denied for procedural reasons. Dkt. 94. The issue has not been litigated on its merits but could fit into the same analysis to exclude PAGA claims.

has contacted counsel regularly for updates. He participated in an in-person mediation by traveling from Yuma, Arizona to San Diego as well as virtual sessions. He sat for his deposition and responded to comprehensive written discovery. Dkt. 74.

**4. Attorney Fees and Costs**

Counsel for Plaintiff has filed a concurrent motion for attorney fees and costs.

### IV. CONCLUSION

Based on the foregoing, Plaintiff requests that the Court grant final approval of the settlement.

DATED: 04/19/2022

GRANAHAN LAW, P.C.

_____
Conor Granahan
Attorney for Plaintiff David Jimenez and all others similarly situated